UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
CUSTOM METALCRAFTERS & ERECTORS
CORPORATION,

                    Plaintiff,

          v.

LOCAL UNION 580 OF THE INTERNATIONAL
ASSOCIATION OF BRIDGE, STRUCTURAL,
ORNAMENTAL AND REINFORCING IRON
WORKERS, AFL-CIO AND TRUSTEES OF
LOCAL UNION 580 OF THE INTERNATIONAL
ASSOCIATION OF BRIDGE, STRUCTURAL,
ORNAMENTAL AND REINFORCING IRON
WORKERS EMPLOYEE BENEFIT FUNDS,

                    Defendants.
------------------------------------------------------------------- x

06 CIV. 3745 (DC)

**COMPLAINT FOR
INJUNCTIVE RELIEF**

Plaintiff Custom Metalcrafters & Erectors Corporation ("Plaintiff" or "Custom Metalcrafters"), by and through its attorneys, McDermott Will & Emery LLP, as and for its complaint against defendants Local Union 580 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO ("Local Union 580" or the "Union") and Trustees of Local Union 580 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers Employee Benefit Funds ("Trustees of Local Union 580") alleges as follows:

### NATURE OF THE ACTION

1. This is an action for injunctive relief to stay the arbitration filed by Local Union 580 and Trustees of Local Union 580 concerning Plaintiff's alleged failure to submit to an audit for the period June 30, 2005 to date concerning Plaintiff's contributions to the Local Union 580 Funds.

## THE PARTIES

2.  Plaintiff Custom Metalcrafters & Erectors Corporation is, and at all pertinent times has been, a Delaware Corporation with its principal place of business at 16 McKinley Avenue, Albertson, New York 11507. Custom Metalcrafters is an employer within the meaning of Section 2(2) of the National Labor Relations Act (hereinafter referred to as "Act"), 29 U.S.C. § 152(2).

3.  Local Union 580 is, and at all pertinent times has been, an unincorporated association established and operating as a labor organization with its principal office located at 501 West 42nd Street, New York, New York 10036. Local Union 580 is a labor organization within the meaning of Section 2(5) of the Act, 29 U.S.C. § 152(5).

4.  Trustees of Local Union 580 is, and at all pertinent times has been, an unincorporated association with its principal office located at 501 West 42nd Street, New York, New York 10036.

## JURISDICTION OF THIS COURT

5.  This Court has jurisdiction pursuant to Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, which creates federal jurisdiction for:

> suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

## FIRST CAUSE OF ACTION FOR INJUNCTIVE RELIEF

6. Custom Metalcrafters engages in the sales and erection of architectural, ornamental and miscellaneous metal products on building construction projects.

7. In 1999, Custom Metalcrafters and Local Union 580 entered into a Collective Bargaining Agreement (the "CBA"), which CBA expired on December 29, 2002 and was renewed for three years until June 30, 2005.

8. On May 31, 2002, Local Union 580 and the Trustees of Local Union 580 commenced an arbitration pursuant to the CBA, alleging that Custom Metalcrafters breached such agreement by failing to pay contractually mandated fringe benefits from January 1999 through December 29, 2002 (referred to herein as the "First Arbitration").

9. Thereafter, on January 29, 2003, pursuant to the terms of the CBA, Custom Metalcrafters provided Local Union 580 with the necessary notice to withdraw from Local Union 580. Accordingly, in accordance with the CBA, such withdrawal was effective on January 29, 2004.

10. In February 2004, Custom Metalcrafters, Local Union 580 and the Trustees of Local Union 580 entered into a stipulation agreement with respect to the First Arbitration (referred to herein as the "Stipulation Agreement"). Pursuant to the Stipulation Agreement, Custom Metalcrafters agreed to pay a specific monetary amount to Local Union 580 and the Trustees of Local Union 580.

11. In addition, Paragraph 8 of the Stipulation Agreement contained the following language: "In consideration of the mutual covenants contained herein, the parties to this Settlement Agreement have executed a collective bargaining agreement, annexed hereto as Exhibit "B." The collective bargaining agreement will not be effective until June 30, 2005." In fact, the referenced collective bargaining agreement was to be negotiated by the parties but never was. There never was an "Exhibit B" to the Stipulation Agreement.

12. Prior to signing the Stipulation Agreement and thereafter, on numerous occasions, Custom Metalcrafters requested a copy of the proposed collective bargaining agreement referenced as "Exhibit B," which requests were ignored. In particular, on February 12, 2004, when Custom Metalcrafters sent a copy of the Stipulation Agreement to Dennis Lusardi, Jr. ("Mr. Lusardi") at Local Union 580 for execution, Stephen Rosner ("Mr. Rosner"), Vice-President of Custom Metalcrafters, requested a copy of the proposed collective bargaining agreement referenced in Paragraph 8 of the Stipulation Agreement. Mr. Lusardi failed to respond to Mr. Rosner's request for a copy of such agreement.

13. Accordingly, Custom Metalcrafters and the Union never agreed on a collective bargaining agreement as referenced in Paragraph 8 of the Stipulation Agreement.

14. Thereafter, on May 1, 2005, Mr. Lusardi sent Custom Metalcrafters a letter, wherein he advised Plaintiff that its agreement with Local Union 580 was expiring on June 30, 2005 -- implying that no new agreement had been negotiated -- and that Custom Metalcrafters should sign an interim agreement prior to June 30, 2005.

15. Subsequently, on May 27, 2005, Mr. Rosner sent Mr. Lusardi a letter, wherein he stated that Custom Metalcrafters would not sign an interim agreement, as Custom Metalcrafters

provided notice of its withdrawal from Local Union 580 on January 29, 2003, which withdrawal was effective on January 29, 2004.

16. Approximately nine months later, on February 15, 2006, Joseph M. Stern, C.P.A. ("Mr. Stern"), the auditors of Local Union 580, sent Custom Metalcrafters a letter, wherein Mr. Stern stated that he had been asked by the Trustees of Local Union 580 to conduct an audit of the books and records of Custom Metalcrafters in connection with hours paid, hours reported and the contributions paid to the funds from January 1, 2003 to date. The next day, Mr. Rosner sent a letter to Mr. Stern, wherein he stated that Custom Metalcrafters intended to comply with his audit request after Custom Metalcrafters reviewed its records and determined that it was contractually obligated to comply with such request.

17. On February 16, 2006, Mr. Rosner also sent a letter to Mr. Lusardi, wherein he stated that: "In order to assess the contractual period that we are bound to comply with, would you please send us over a copy of the contract(s) covering the period(s) referenced in JMS' letter that you believe we are bound to." The Union did not respond to this letter.

18. Subsequently, on February 28, 2006, Mr. Rosner sent another letter to Mr. Lusardi, wherein he again requested a copy of the alleged contract. Once again, the Union did not respond.

19. On March 6, 2006, Mr. Stern sent another letter to Mr. Rosner, wherein he requested that Custom Metalcrafters forward the necessary records to comply with the audit request. On that same day, Mr. Rosner responded to Mr. Stern's letter, wherein he stated that once Custom Metalcrafters received a copy of the alleged contract from Local Union 580, he would comply with the audit request if Custom Metalcrafters was legally bound to do so.

20. Subsequently, on March 9, 2006, Mr. Rosner sent a third letter to Mr. Lusardi, wherein he again requested a copy of the alleged contract. Once again, the Union did not respond. Accordingly, on April 24, 2006, Mr. Rosner sent a letter to Dennis Lusardi, Sr. at the Union, wherein he requested, for the fourth time, a copy of the contract from Local Union 580.

21. Thereafter, instead of sending a copy of the contract referenced in the Stipulation Agreement, on or about April 28, 2006, Custom Metalcrafters received by certified mail from Local Union 580 a Notice of Intention to Arbitrate Custom Metalcrafters' alleged failure to submit to an audit for the period June 30, 2005 to date.

22. On or about May 1, 2006, the undersigned, as counsel to Custom Metalcrafters, spoke with Denis A. Engel, Esq. ("Mr. Engel"), counsel to Local Union 580. The undersigned pointed out that no agreement had ever been attached as Exhibit B to the Stipulation Agreement, that no agreement had ever been negotiated and that Local Union 580 had never even responded to Mr. Rosner's requests that the Union supply him with the contact he had allegedly bound himself to. Mr. Engel responded that Custom Metalcrafters agreed to be bound by the contact between Local Union 580 and Allied Building Metal Industries, Inc. (a multi-employer group that Custom Metalcrafters is not a member of) that was entered into in June 2005. The undersigned pointed out that this is not what the Stipulation Agreement stated (which agreement Mr. Engel himself had drafted), and that Local Union 580 had never so claimed in response to Mr. Rosner's letters seeking a copy of the alleged contact he bound himself to. Mr. Engel had no response.

23. On May 3, 2006, a few days after the undersigned's conversation with Mr. Engel, Local Union 580 sent Mr. Rosner a copy of the collective bargaining agreement Local Union 580 entered into with Allied Building Metal Industries, Inc. Custom Metalcrafters, however, did not

participate in the negotiation of this agreement, never agreed to be bound by such agreement, is not a party to such agreement and did not even have knowledge of any of the terms of the agreement until ten months after its effective date.

24. To date, Custom Metalcrafters has not received a copy of the agreement referenced in Paragraph 8 of the Stipulation Agreement.

25. Because Custom Metalcrafters never entered into a contract with Local Union 580, it cannot be compelled to arbitrate any disputes with the Union.

26. Accordingly, because Custom Metalcrafters has no obligation to arbitrate a dispute with Local Union 580, Custom Metalcrafters will suffer immediate and irreparable harm if the arbitration filed by Local Union 580 is not preliminarily, temporarily and permanently stayed.

27. No prior request has been made for the relief requested herein.

**WHEREFORE**, Plaintiff demands judgment against Local Union 580 and the Trustees of Local Union 580:

(a) for a temporary, preliminary and permanent injunction staying the arbitration filed by Local Union 580 and the Trustees of Local Union 580 concerning Plaintiff's alleged failure to submit to an audit for the period June 30, 2005 to date to determine whether Plaintiff made the proper contributions to the Local Union 580 Funds;

(b) awarding Plaintiff its costs and disbursements associated with this action, including reasonable attorneys' fees; and

(c) for such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 16, 2006

McDermott Will & Emery LLP

By: _____
    Joel E. Cohen (JEC 5312)

340 Madison Avenue
New York, New York 10017
(212) 547-5400

Attorneys for Plaintiff

NYK 1035939-1.063272.0011

8