Case 1:06-cv-03745-DLC   Document 11   Filed 08/03/2006   Page 1 of 5

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CUSTOM METALCRAFTERS & ERECTORS     :
CORPORATION,                         :
                                     :
                                     :   06 CIV 3745 (DC)
                    Plaintiff,       :
        v.                           :   **ANSWER**
                                     :
LOCAL UNION 580 OF THE INTERNATIONAL :
ASSOCIATION OF BRIDGE, STRUCTURAL,   :
ORNAMENTAL AND REINFORCING IRON      :
WORKERS, AFL-CIO AND TRUSTEES OF     :
LOCAL UNION 580 OF THE INTERNATIONAL :
ASSOCIATION OF BRIDGE, STRUCTURAL,   :
ORNAMENTAL AND REINFORCING IRON      :
WORKERS EMPLOYEE BENEFIT FUNDS,      :
                                     :
                    Defendant.       :
------------------------------------------------------------X
```

Defendants, LOCAL UNION 580 OF THE INTERNATIONAL ASOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS, AFL-CIO ("LOCAL 580" or "UNION") and TRUSTEES OF THE LOCAL UNION 580 EMPLOYEE BENEFIT FUNDS ("TRUSTEES" or "FUNDS"), by their attorneys, COLLERAN, O'HARA & MILLS, L.L.P., hereby ANSWER the COMPLAINT FOR INJUNCTIVE RELIEF as follows:

1. Acknowledge that the Complaint is for injunctive relief to stay an arbitration.

2. Deny knowledge or information sufficient to form a belief as to where CUSTOM METALCRAFTERS & ERECTORS CORPORATION ("CUSTOM METAL") is incorporated, if anywhere, but acknowledge that it has a place of

business in Albertson, New York and refer all questions of law to the Honorable Court.

3. Admit the allegations in paragraph 3.

4. Deny that the Trustees are an unincorporated association.

5. Refer all questions of law to the Honorable Court.

6. Admit the allegations contained in paragraph 6.

7. Admit that on or about March 2, 1999, Stephen Rosner, as President, executed a one page agreement incorporating by reference the collective bargaining agreement whereby CUSTOM METAL became bound to the LOCAL 580 collective bargaining agreement and refer all other questions of law to the Honorable Court.

8. Admit the allegations contained in paragraph 8.

9. Admit that CUSTOM METAL sent correspondence purporting to terminate its agreement with LOCAL 580 but deny the remaining allegations contained in paragraph 9.

10. Admit that in or about February, 2004, CUSTOM METAL and LOCAL 580 and the FUNDS entered into the Stipulation Agreement and refer all questions of law to the Honorable Court.

11. Admit that paragraph 8 states that the parties "have executed" a collective bargaining agreement and deny all other allegations contained in paragraph 11 and refer all questions of law to the Honorable Court.

12. Deny the allegations contained in paragraph 12.

13. Deny the allegations contained in paragraph 13 and refer all questions of law to the Honorable Court, or to the Impartial Arbitrator, as appropriate.

14. Admit that on May 1, 2005 Dennis A. Lusardi, Sr. sent all independent employers a letter and refer all questions of law to the Honorable Court, or to the Impartial Arbitrator, as appropriate.

15. Admit that Rosner sent a letter to Dennis Lusardi, but deny its legal effect and refer all questions of law to the Honorable Court, or to the Impartial Arbitrator, as appropriate.

16. Admit the allegations contained in paragraph 16 and refer all questions of law to the Honorable Court, or to the Impartial Arbitrator, as appropriate.

17. Admit the allegations contained in paragraph 17 and refer all questions of law to the Honorable Court, or to the Impartial Arbitrator, as appropriate.

18. Admit the allegations contained in paragraph 18 and refer all questions of law to the Honorable Court, or to the Impartial Arbitrator, as appropriate.

19. Admit the allegations contained in paragraph 19 and refer all questions of law to the Honorable Court, or to the Impartial Arbitrator, as appropriate.

20. Admit the allegations contained in paragraph 20 and refer all questions of law to the Honorable Court, or to the Impartial Arbitrator, as appropriate.

21. Admit the allegations contained in paragraph 21 and refer all questions of law to the Honorable Court, or to the Impartial Arbitrator, as appropriate.

22. Admit that Counsel for Plaintiff contacted counsel for Defendants and deny all other allegations contained in paragraph 22.

23. Admit that LOCAL 580 sent a copy of the collective bargaining agreement to CUSTOM METAL and deny all other allegations contained in paragraph 23.

24. Deny the allegations contained in paragraph 24.

25. Deny the allegations contained in paragraph 25 and refer all questions of law to the Honorable Court, or to the Impartial Arbitrator, as appropriate.

26. Deny the allegations contained in paragraph 26 and refer all questions of law to the Honorable Court, or to the Impartial Arbitrator, as appropriate.

27. Admit the allegations contained in paragraph 27.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

28. Plaintiff's Complaint fails to state a claim.

29. Plaintiff's Complaint is barred by the doctrines of waiver, estoppel, laches and unclean hands.

30. Plaintiff is bound to arbitrating the within dispute by virtue of the Stipulation Agreement of February 2004 and the collective bargaining agreements to which Plaintiff agreed to be bound.

31.   Plaintiff agreed in the Stipulation Agreement that it had <u>executed</u> the collective bargaining agreement and cannot be said now to disavow knowledge of or consent to its terms.

**WHEREFORE**, Defendants demand that the Plaintiff's Complaint be DISMISSED in its entirety and for such other and further relief as to the Court shall seem just, proper and equitable, including costs and attorneys' fees.

Dated:    August 3, 2006

                                             Denis A. Engel (DAE-7796)
for LOCAL 580 and FUNDS
Colleran, O'Hara & Mills L.L.P.
1225 Franklin Avenue
Suite 450
Garden City, New York  11530
(516) 248-5757