```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
CUSTOM METALCRAFTERS & ERECTORS          :   06 CIV. 3745 (DLC)
CORPORATION,                             :
                                         :   MEMORANDUM OPINION &
                  Plaintiff,             :        ORDER
                                         :
         -v-                             :
                                         :
LOCAL UNION 580 OF THE INTERNATIONAL     :
ASSOCIATION OF BRIDGE, STRUCTURAL,       :
ORNAMENTAL AND REINFORCING IRON          :
WORKERS, AFL-CIO AND TRUSTEES OF LOCAL   :
UNION 580 OF THE INTERNATIONAL           :
ASSOCIATION OF BRIDGE STRUCTURAL,        :
ORNAMENTAL AND REINFORCING IRON WORKERS  :
EMPLOYEE BENEFIT FUNDS,                  :
                                         :
                  Defendants.            :
                                         :
---------------------------------------- X
```

For Plaintiff:
Joel E. Cohen
McDemrmott Will & Emery LLP
340 Madison Avenue
New York, NY 10017

For Defendants:
Denis A. Engel
Colleran, O'Hara & Mills LLP
1225 Franklin Avenue, Suite 450
Garden City, New York 11530

DENISE COTE, District Judge:

   Plaintiff moves for a preliminary injunction to stay arbitration. For reasons that follow, the motion is denied.

   The relevant facts are few and undisputed. In early 2004, the parties entered into a "Stipulation Agreement." Paragraph 8 of the Stipulation Agreement states, "In consideration of the mutual covenants contained herein, the parties . . . have executed a collective bargaining agreement, annexed hereto as Exhibit 'B.' The collective bargaining agreement will not be

effective until June 30, 2005." Paragraph 10 provides that "[a]ny dispute requiring resolution as to the meaning, interpretation[,] enforceability or application of this Agreement, or of the Appendices hereto, shall be submitted to the Impartial Arbitrator, Eric J. Schmertz or his successor, as provided in the collective bargaining agreement."

On April 27, 2006, counsel for the defendants informed plaintiff that it was submitting to arbitration a dispute concerning the plaintiff's failure to comply with the terms of the collective bargaining agreement. The plaintiff filed this action on May 16, and moved for preliminary injunctive relief two days later, arguing that it never entered into a collective bargaining agreement with the defendants following the execution of the Stipulation Agreement. The defendants argue in opposition that the plaintiff had agreed to be bound by the terms of the defendants' collective bargaining agreement with a third party. The motion was fully submitted on August 18, 2006.

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." AT&T Techs., Inc. v. Commc'ns. Workers of Am., 475 U.S. 643, 648 (1986) (citation omitted). But if a "contract contains an arbitration clause, there is a presumption of arbitrability." Id. at 650. Arbitration will be inappropriate only if "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute, resolving any

2

doubts in favor of coverage." Coca-Cola Bottling Co. of N.Y., Inc. v. Soft Drink & Brewery Workers Union Local 812, Int'l Bhd. of Teamsters, 242 F.3d 52, 56 (2d Cir. 2001) (citation omitted).

The crux of the dispute on this motion is whether the parties ever entered into the collective bargaining agreement referenced in paragraph 8 of the Stipulation Agreement, and if they did, what its terms are.  It cannot be said with positive assurance that this is not a "dispute requiring resolution as to the meaning, interpretation[,] enforceability or application of" an Appendix to the Stipulation agreement.  Indeed, it is difficult to imagine an interpretation of the arbitration clause that would not cover this dispute.

Because "the instant controversy falls within the scope of a valid arbitration agreement, it necessarily follows that plaintiff has shown neither a likelihood of success on the merits, nor a sufficiently serious question going to the merits along with a balance of hardships tipping decidedly toward it to warrant the grant of a preliminary injunction barring arbitration."  Spear, Leeds & Kellogg v. Central Life Assur. Co., 85 F.3d 21, 30 (2d Cir. 1996).  It is therefore hereby

ORDERED that the plaintiff's motion for a preliminary injunction is denied.

IT IS FURTHER ORDERED that the parties shall submit a status

report by February 28, 2007.

    SO ORDERED:

Dated:    New York, New York
           August 30, 2006

                                    DENISE COTE
                          United States District Judge